IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARGARET A. WILEY, | |
| Plaintiff, | 8:24CV109 |
| vs. | |
| HIGH LIFE PACIFIC, LLC, | **MEMORANDUM AND ORDER** |
| Defendant. | |

Before the Court is Defendant's Motion for Alternate Service, Filing No. 24, in which Defendant requests the court allow service of a subpoena on non-party Felicity Slavicek ("Slavicek") via Facebook Messenger, text message, and/or Instagram messenger.

Defendant seeks to depose Slavicek as it believes she has knowledge of information relevant to the pending litigation. Filing No. 24. Defendant advises it attempted to serve Slavicek at her last known address, as well as her current school. Filing No. 24 at 4. When attempting to serve Slavicek at school, the process server was advised he was not allowed to serve anyone at the school and, further, that the supervisor would not get Slavicek out of class. *Id*. It does not appear the process server waited for Slavicek to get out of class or made any further attempts to serve her. Defendant's counsel advised he previously communicated with Slavicek via text message regarding her deposition but has been unable to set a deposition date. Filing No. 24 at 2. He further provided Slavicek has two social media accounts[1]. *Id.*

---

[1] Defendant is encouraged to review NECivR. 7.1.(a)(2), (b)(2), to properly submit evidentiary materials to the Court. Because the conclusion in this motion is not dependent on the facts not properly before it, the Court rules on the motion without allowing Defendant an opportunity to cure any defects.

1

Fed. R. Civ. P. 45(b) governs the service of non-party subpoenas, such as deposition subpoenas like the one at issue. Rule 45(b) provides in relevant part:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person . . .

Though there is a minority rule that personal service is not required for a non-party subpoena, the caselaw indicates the Eighth Circuit follows the majority, which requires personal service for a nonparty subpoena. *Firefighter's Inst. For Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (concluding Rule 45 "is not broad enough to include either fax or regular mail because the court cannot be assured that delivery has occurred."); *In re Misc. Subpoenas*, 2016 WL 4154889 at *2 (D.S.D. Aug. 1, 2016); *Precourt v. Fairbank Reconstruction Corp.*, 2011 WL 310740 at *3 (D.S.D. Jan. 28, 2011); *O'Donnell v. Lakes State Bank*, 2011 WL 7287158 at *2 (D.Minn. Nov. 21, 2011). Though not clear, the Eighth Circuit "hinted that it might accept some method of service, other than personal delivery, if the method was one that ensured the subpoena was placed in the actual possession or control of the person served." *In re Misc. Subpoenas*, 2014 WL 4154889 at *2.

However, even if this Court were to conclude the Eighth Circuit were inclined to depart from the majority rule, the undersigned is not convinced: (1) Defendant exhausted its good faith attempts to serve Slavicek when the documents provided indicate the process server appears to be aware of where Slavicek goes to school but has not exhausted efforts to serve her upon leaving school, *see OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F.Supp.2d 752, 754 (E.D.Mich. 2011) ("'Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service.'") (citing *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993, at *2 (E.D.Mich. 2009)), and (2) that, based upon the evidence

2

properly before it, Slavicek would receive actual notice of the deposition subpoena via the manner Defendant requests.

Therefore, the undersigned must deny the motion. Given the unopposed nature of the motion, the undersigned provides the following additional guidance—should the parties attempt to move for alternative service of this third party again, they should be prepared to: (1) address the Eighth Circuit's likelihood to deviate from the majority rule set forth above; (2) provide evidence that the process server has exhausted attempts to serve Slavicek in person; and (3) provide evidence indicating the alternative service method requested will ensured the subpoena was placed in the actual possession or control of Slavicek.

IT IS SO ORDERED.

Dated this 7th day of April, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge